BRYAN SCHRODER
United States Attorney

WILLIAM A. TAYLOR
JAMES KLUGMAN
Assistant United States Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, Alaska 99513-7567
Phone: (907) 271-5071
Fax: (907) 271-1500
Email: william.taylor@usdoj.gov
Email: james.klugman@usdoj.gov

CHAD W. MCHENRY
Trial Attorney
Organized Crime & Gang Section
U.S. Department of Justice
Email: chad.w.mchenry@usdoj.gov

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. 3:19-cr-00026-08-TMB-DMS |
| Plaintiff, | ) | |
| v. | ) | |
| FELICIA KING, | ) | |
| Defendant. | ) | |

**UNOPPOSED MOTION FOR PROTECTIVE ORDER**

The United States moves this court for a protective order limiting the use of discovery by the defense. The United States intends to grant defense counsel free access to discoverable material and does not object to defense counsel showing these materials to the defendant personally.

The court has the authority to "deny, restrict, or defer discovery or inspection, or grant other appropriate relief" upon a showing of good cause. Fed. R. Crim. P. 16(d)(1). Rule 16(d) authorizes the issuance of protective orders not only to protect the trial rights of the parties, but also to protect the privacy interests of non-party victims and witnesses. *See, e.g.*, *United States v. Patkar*, 2008 WL 233062 (D. Haw. Jan. 28, 2008). The Court also possesses inherent authority to issue the requested order. District courts possess "broad inherent powers" enabling them "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *United States v. Kent*, 649 F.3d 906, 912 (9th Cir. 2011) (citations omitted).

Good cause exists in this case because unregulated dissemination of the discovery in this case creates a substantial risk of endangering witnesses and compromising the government's investigation.

The Indictment in this case is the product of a lengthy investigation by multiple law enforcement agencies into the 1488s, a criminal enterprise based in Alaska state correctional facilities. The enterprise uses violence and intimidation to achieve its

criminal goals. The 1488s requires its members to abide by a set of fourteen rules, and ruthlessly punishes perceived violations.

Because the members of the enterprise necessarily have experience in the criminal justice system, they have incorporated a relatively sophisticated understanding of that system into their operations. In particular, the 1488s learned how to take advantage of the broad discovery opportunities afforded under state law to detect and deter cooperation with law enforcement:

> 9) Paper check, background: Every single piece of paper from your current case and as much as possible that a prospect can get from previous cases will be scrutinized by at least two brothers, preferably more. The prospects name will be flung out to every compound to try and generate any and all feedback good or bad. Every name dropped by a prospect an effort will be made to contact even if they are on the streets. Anything out of sorts must be fully resolved before prospects name can be put forth for his patch.

The 1488s ruthlessly punish violations and perceived violations of these rules through violent retaliation, up to and including "depatchings" – the forceful branding over of the

//

//

//

offending member's 1488s tattoo.

> ⑨ Silence and Secrecy: There is no outside talking about family business period. Period! No outside race talking period. If politicing is in order it will be handled by the one appropriate for doing so at the correct time. We will have friends outside of family and race but our business is to remain under silence and secrecy at all times. Sometimes proper vigilance is not observed and it must always be → reinforced to prevent outside forces from obtaining critical info and using it for our destruction.

It is worth recalling that the defendants established this criminal enterprise from within the confines of a maximum-security prison. Their reach extends to every correctional institution in Alaska and includes associates who are out of custody. While their pretrial detention mitigates their danger, it does not eliminate it.

In light of the gravity of these charges, the government is sensitive to the defendant team's strong interest in access to the discovery in this case. The order sought here will not compromise the defendant's legitimate ability to effectively prepare a defense. It will simply help to thwart the defendant's illegitimate efforts to intimidate or retaliate against key witnesses – including, potentially, one another.

Indeed, with the protection of this order, the government will be able to disclose more information than is literally required by Rule 16, and to do so more quickly. In the absence of a protective order, the government's obligation to ensure the safety of its witnesses will require far more aggressive redactions based on a strict reading of the

relevant rule – and will likely require the active intervention of this court and the repeated screening of individual documents. Such a procedure is likely to impair the effective preparation of a defense rather than facilitate it.

Specifically, the government is requesting the following limitations on the dissemination of discovery:

1. Access to discovery provided by the United States will be restricted to the defendant, and to the "defense team": that is, the attorney or attorneys of record, and attorneys, paralegals, investigators, and secretaries or other staff employed by the attorneys of record while performing work related to this case, and to experts and consultants specifically retained for this case in order to perform work on behalf of the defendant.
2. The defense team shall not:
    a. Allow any person outside the defense team to read, view, or access discovery items;
    b. Use discovery items for any purpose other than preparing a defense in this case;
    c. Make copies of discovery items for the use of any person outside of the defense team;
    d. Give copies of any discovery items to the defendant; or
    e. Allow copies of any discovery items to remain at any detention facility.

U.S. v. Felicia King
3:19-cr-00026-08-TMB-DMS               Page **5** of **6**

3. The attorney of record is directed to inform all members of the provisions of this order.

4. Any discovery items submitted as part of a filing or court proceeding shall be submitted under seal, unless prior permission from the court has been granted.

Of course, if this procedure proves unworkable, or there are specific reasons to modify it either in general or with respect to specific pieces of evidence, the defendant should be afforded the opportunity to apply to the court for appropriate relief.

Defense counsel has been consulted and does not oppose this motion.

RESPECTFULLY SUBMITTED November 4, 2020, in Anchorage, Alaska.

BRYAN SCHRODER
United States Attorney

s/ William A. Taylor
WILLIAM A. TAYLOR
Assistant U.S. Attorney
United States of America

**CERTIFICATE OF SERVICE**

I hereby certify that on November 4, 2020,
a true and correct copy of the foregoing
was served electronically on the following:

Michael Moberly

s/ William A. Taylor
Office of the U.S. Attorney