Michael A. Moberly, Esq.
HOZUBIN, MOBERLY & ASSOCIATES
711 M Street, Suite 2
Anchorage, AK 99501
907-276-5297 – Telephone
907-276-5291 – Facsimile
Email: mike@akdefenselaw.com
Alaska Bar No. 9612073

*Attorney for Defendant Felicia King*

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| FILTHY FUHRER, a/k/a "Fuck Face" f/k/a "Timothy Lobdell," ROY NAUGHTON, a/k/a "Thumper," GLEN BALDWIN, a/k/a "Glen Dog," COLTER O'DELL, CRAIG KING, a/k/a "Oakie," JUSTIN EATON, a/k/a "Skulls," and FELICIA KING, | ) ) ) ) ) ) |
| | ) |
| Defendants. | ) |
| | ) Case No: 3:19-cr-00026-TMB-DMS |

**FELICIA KING'S MOTION FOR A SEPARATE TRIAL**

A. Introduction

The Federal Government has charged Filthy Fuhrer and the other five male defendants in this case with organizing into a white supremacist gang – the 1488s – which used violent crimes to enforce its criminal purposes.[1] Mr. Fuhrer and the other male

---

[1] *See* Docket No. 558 (First Superseding Indictment) at 1-9.

defendants[2] are all charged with racketeering conspiracy, Mr. Fuhrer and four of the male defendants are charged with violent-crimes-in-aid-of-racketeering conspiracy and kidnapping conspiracy, and Mr. Further and the other male defendants are charged, in various combinations, with other conspiracies and kidnappings, assaults, and murder.[3] The charges identify three victims.[4]

Felicia King is charged with none of the conspiracies or other crimes described in the previous paragraph. She is charged with only a single offense, and in that single charge she is charged individually, and not in conjunction with any other defendant.[5] In that single charge – Count 6 of the superseding indictment – Ms. King is charged for her alleged participation in events occurring *after* the gang's criminal activity with respect to one of the victims.[6] Specifically, the Federal Government charges her as an accessory after the fact.[7]

For the reasons above and to follow, Ms. King moves this Court for a separate trial from Mr. Fuhrer and the other male defendants in this case.

B. Legal Analysis

As this Court is no doubt already aware, the vehicle by which a person may request a separate trial is Criminal Rule 14. Under that rule, if the joinder of charges or a person

---

[2] *See Id.,* at 5 (paragraph 10) – "women were not allowed to become members" of the 1488s.
[3] *See* Docket No. 558 (First Superseding Indictment) at 11, 19-20, 21-22, 23-27.
[4] *See* Docket No. 558 (First Superseding Indictment) at 20-22 (Michael Staton), at 23-24 (Jeremy Smith), at 25-27 (Jermiah Johnson).
[5] *See* Docket No 558 (First Superseding Indictment) at 22.
[6] *See* Docket No. 558 (First Superseding Indictment) at 22-23.
[7] *See* Docket No. 558 (First Superseding Indictment) at 22.

in a case will prejudice the person, then the Court is authorized to order a separate trial of the charge(s) or person:

> **Relief.** If the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may separate trials of counts, sever the defendant's trials, or provide any other relief that justice requires.[8]

Although in some cases the remedy under Criminal Rule 14 will differ depending on whether a person is seeking a separate trial for some but not all of the offenses with which they are charged – that is, where a person is seeking two or more trials of their alleged offenses – such is not the case with Ms. King. Here, the indictment charges Ms. King with a single count, and so the remedy is the same – a separate trial for Ms. King – regardless of whether this is viewed as a motion to sever Count 6 or a motion to sever her trial from that of Mr. Fuhrer and the other five male defendants.

From the motion work and its orders that have preceded this motion, this Court has familiarity with the caselaw interpreting Criminal Rule 14(b). In *Zafiro v. United States*, the Supreme Court identified the circumstances where a joint trial would compromise a defendant's trial rights or prevent the jury from making a reliable judgment about the defendant's innocence or guilt, and so a separate trial under Criminal Rule 14 should be ordered.[9] Among other things, the Supreme Court explained:

> Such a risk [requiring severance] might occur when evidence that the jury should not consider against a defendant and that would not be admissible if

---

[8] Criminal Rule 14(a).
[9] *See Zafiro v. United States,* 506 U.S. 534, 539, 113 S.Ct. 933, 938 (1993) ("[A] district court should grant a severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence.").

a defendant were tried alone is admitted against a codefendant. For example, evidence of a codefendant's wrongdoing in some circumstances erroneously could lead a jury to conclude that a defendant was guilty. When many defendants are tried together in a complex case and they have markedly different degrees of culpability, this risk of prejudice is heightened.[10]

The above-described risk is manifest with respect to Ms. King. Simply put, Mr. Fuhrer and the other five male defendants in this case are charged with a tremendous array of conspiracies and violent crimes with which Ms. King is not charged or involved. In this circumstance, a vast amount of evidence in a joint trial will be admitted that would not be admissible were Ms. King tried alone.

In fact, the Federal Government has repeatedly promised to present an overwhelming amount of evidence in its attempt to prove the multiple charged conspiracies in this case. For instance, this past December, the Federal Government asserted the following for why the trials of Mr. Fuhrer and four of the five male defendants should remain joined: "In other words, the government will be entitled to prove the full scope of the conspiracy, and the attendant overt acts, in each of the defendants' trials."[11] Less than four weeks ago, the Federal Government asserted the following for why the trial of the fifth male defendant should remain joined with that of Mr. Fuhrer and the other male defendants:

> The S[uperseding] I[ndictment] charges a RICO Conspiracy (Count 1) based, *inter alia*, on the 1488 gang's criminal activities to enforce its stringent structure through violent acts. As the SI explains, the counts following the RICO conspiracy charge specific instances of criminal conduct directly aimed at furthering the purposes of the 1488s. ECF No.588[.] The defendants will be tried for a RICO conspiracy they joined and the

---

[10] 506 U.S. at 539, 113 S.Ct. at 938 (citation to *Kotteakos v. United States*, 328 U.S. 750, 774-75, 66 S.Ct. 1239, 152-53 (1946), omitted).
[11] *See* Docket No. 649 ("Consolidated Response in Opposition to Motions to Sever") at 13.

interrelated criminal acts they committed in furtherance of, or in association with, the 1488 enterprise. On that foundational factual basis alone severance for trial is inappropriate. *See e.g., United States v. Martinez*, 667 F.3d 811, 819-20 (9th Cir.2011) (any potential spillover evidence is due from proof of criminal acts related to an overarching conspiracy among defendants).[12]

Given these circumstances, it is difficult to imagine a more profound example of the serious risk requiring severance that the Supreme Court was referring to in the above *Zafiro* excerpt – "[s]uch a risk might occur when evidence that the jury should not consider against a defendant and that would not be admissible if a defendant were tried alone is admitted against a codefendant" – than is presented by a trial of Ms. King with Mr. Fuhrer and the other five male defendants in this case.

In connection with all this, it is important to note just how different the Government's charge with respect to Ms. King is from the charges that it has brought against Mr. Fuhrer and the other five male defendants. Ms. King is not a member of or an associate of the 1488s.[13] She is not an even a "lady-eight."[14] The Federal Government does not claim that she was involved with the 1488s' racketeering and other criminal activities. Rather, the Federal Government claims that Ms. King's culpability arises from her actions *after* the 1488s' criminal activities that ultimately culminated in the death of Michael Staton. That is, she is charged as an accessory after the fact.[15]

---

[12] Docket No. 685 ("Response in Opposition to Motion to Sever") at 6. The Federal Government was responding to the fifth male defendant's motion that explained, in part, "The government has represented it expects the trial to last somewhere between 10 and 12 weeks and it anticipates about 60 witnesses." Docket No. 679 ("Defendant Justin Eaton's Motion to Server Defendant for Separate Trial") at 5.
[13] *See* Docket No. 558 (First Superseding Indictment) at 2 (paragraph 1).
[14] *See* Docket No. 558 (First Superseding Indictment) at 5 (paragraph 10).
[15] *See* Docket No. 558 (First Superseding Indictment) at 22-23 (paragraph 40).

Put another way, the Federal Government claims that Mr. Fuhrer and the other five male defendants are culpable for their planning before and conduct in accomplishing the criminal activities of the 1488s organization. In stark contrast, the Federal Government claims Ms. King's culpability arises not for any planning before or carrying out the criminal activities of the 1488s, but from her alleged assistance after one of the organization's criminal activities. Ms. King's alleged culpability is qualitatively and quantitatively different from that of Mr. Fuhrer and the other five male defendants. This multiplies the prejudice to Ms. King from a joint trial with Mr. Further and the other five male defendants – as the Supreme Court states in *Zafiro*, "When many defendants are tried together in a complex case and they have markedly different degrees of culpability, this risk of prejudice is heightened."[16]

The prejudice to Ms. King from a joint trial is further multiplied by the fact that one of the male defendants is her husband. A married couple is traditionally and commonly viewed as a single unit, for an overwhelming number of purposes. The Federal Government itself capitalizes on that view in the superseding indictment, identifying Ms. King not as a separate person but as "the wife of Craig King" and asserting that she "was aware of her husband's narcotics trafficking and his association with the 1488s" – even though that has no real relevance to the single charge against her.[17]

---

[16] 506 U.S. at 539, 113 S.Ct. at 938.
[17] *See* Docket No. 558 (first superseding indictment) at 11 (paragraph 22).

At a joint trial, because of her marriage to Craig King, Ms. King would be constantly battling, from the start of jury selection to the end of closing arguments, the perception of and presumption of joint activity and joint purpose that arises from her marriage to Mr. King. This is yet another reason that the jury will be severely hampered in its ability to independently judge Ms. King's innocence or guilt; the example that the Supreme Court in *Zafiro* supplies – "[f]or example, evidence of a codefendant's wrongdoing in some circumstances erroneously could lead a jury to conclude that a defendant was guilty" – has considerable force and application in Ms. King's case, where she is the wife to a husband who is charged with racketeering conspiracy, violent-crimes-in-aid-of-racketeering conspiracy, *etc*. Moreover, at a joint trial, Ms. King would be prevented from advancing a defense based on acts or other duress that Mr. King may have exerted against her in their marital relationship.[18]

This Court previously held – before the Federal Government reformulated its theory of prosecution and obtained a superseding indictment – that the trial of one of the male defendants for the assault on Jermiah Johnson required severance from the trial of all the other male defendants for the kidnapping, assault, and murder of Michael Staton.[19] In so doing, this Court recognized that "[s]everance is permitted where the charges brought against defendants or the weight of the evidence is wholly disparate or disproportionate."[20]

---

[18] *See* Federal Evidence Rule 404(b)(2) (evidence of a crime, wrong, or other act is admissible for non-propensity purposes); *cf. Zafiro*, 506 U.S. at 539, 113 S.Ct. at 938 (noting that "a defendant might suffer prejudice if essential exculpatory evidence that would be available to a defendant tried alone were unavailable in a joint trial").

[19] *See* Docket No. 389 ("Order on Defendant's King's Motion to Sever (Dkt. 329); Defendant Fuhrer's Motion to Sever (Dkt. 335); and Defendant Naughton's Motion to Sever (Dkt. 336)) at 21.

[20] *See* Docket No. 389 at 20 (citing *United States v. Vasquez-Velasco*, 15 F.3d 833, 847 (9th Cir. 1994)).

What the Court recognized previously applies with even more force to Ms. King's case, and is yet another reason that this Court should order her trial severed from that of Mr. Fuhrer and the five other male defendants in this case.

C.  Conclusion

Based on the reasons and authorities above, this Court should order a trial for Ms. King separate from that of the trial of Mr. Fuhrer and the other five male defendants.

DATED this 1st day of March, 2021.

HOZUBIN, MOBERLY & ASSOCIATES
Attorneys for Defendant Felicia King


By: /s/ Michael A. Moberly
Hozubin, Moberly & Associates
711 M Street, Suite 2
Anchorage, AK 99501
907-276-5297 – Telephone
907-276-5291 - Facsimile
Email: mike@akdefenselaw.com
Alaska Bar No. 9612073

**CERTIFICATE OF SERVICE**
The undersigned hereby certifies that on the 1st day of March, 2021, a true and correct copy of the foregoing was served ELECTRONICALLY via CM/ECF on the following:

PARTIES OF RECORD

HOZUBIN, MOBERLY & ASSOCIATES
By: /s/ Michael A. Moberly
9100.840/Court Docs/Motion to Sever