IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                  Plaintiff,<br><br>v.<br><br>FELICIA KING,<br><br>                  Defendant. | Case No. 3:19-cr-00026-TMB-DMS-8<br><br>ORDER ON<br>DEFENDANT FELICIA KING'S<br>MOTION TO SEVER (DKT. 703)<br><br>**\*FILED UNDER SEAL\*** |

## I.    INTRODUCTION

The matter comes before the Court on Defendant Felicia King's "Motion for a Separate Trial" (the "Motion" or "Motion to Sever").[1] The indictments in this case have been sealed, and there is a protective order in place; additionally, the Court previously sealed King's Co-defendants' motions to sever and the orders resolving the motions.[2] Accordingly, the Court concludes there are compelling reasons to file this Order under seal. The Government filed a Response in Opposition to the Motion ("Opposition").[3] The matter is fully briefed,[4] and the Court finds that the Motion is suitable for disposition without oral argument. For the following reasons, King's Motion at Docket 703 is **DENIED without prejudice**.

---

[1] Dkt. 703 (Motion)

[2] *E.g.*, Dkts. 4, 555 (Orders Sealing Indictments); 49, 75, 78, 142, 174, 181, 592, 606 (Protective Orders); 618, 620, 621 (Motions to Seal); 654–56 (Orders Sealing Motions to Sever).

[3] Dkt. 705 (Opposition).

[4] Dkts. 703; 705; 707 (Reply in Support of Motion).

1

## II. BACKGROUND

On March 21, 2019, the United States filed an Indictment against Defendants Filthy Fuhrer, a/k/a "Fuck Face," a/k/a Timothy Lobdell, Roy Naughton, a/k/a "Thumper," Glen Baldwin, a/k/a "Glen Dog," Colter O'Dell, Beau Cook, and Craig King, a/k/a "Oakie."[5] Defendants, alleged to be members of a prison gang, 1488, were charged with the following:

> Count 1: Violent Crimes in Aid of Racketeering ("VICAR") Conspiracy, in violation of 18 U.S.C. § 1959(a)(5) and (6);
> Count 2: VICAR Kidnapping, in violation of 18 U.S.C. § 1959(a)(1);
> Count 3: VICAR Assault, in violation of 18 U.S.C. § 1959(a)(3);
> Count 4: Kidnapping, in violation of 18 U.S.C. § 1201(a)(1); and
> Count 5: VICAR Murder, in violation of 18 U.S.C. § 1959(a)(1).[6]

All six Defendants were charged with five Counts related to the August 3, 2017 kidnap, assault, and murder of Michael Staton, a/k/a "Steak Knife."[7] In addition, Naughton alone was charged in Count 6: VICAR Assault for an alleged assault of Jermiah Johnson, a/k/a "Mountain," on April 2, 2017, in violation of 18 U.S.C. § 1959(a)(3).[8]

The case was declared complex in April 2019.[9] In May 2019, trial was set for May 4, 2020,[10] but, following on-the-record discussions between the Court and counsel, the trial was subsequently rescheduled for September 8, 2020.[11] On April 21, 2020, counsel for Fuhrer filed a motion to continue trial "to no earlier than late February 2021," citing COVID-related travel restrictions,

---

[5] Dkt. 2 (Indictment).

[6] *Id.* at 2–11.

[7] *Id.*

[8] *Id.* at 12.

[9] Dkt. 108 (Minute Entry).

[10] Dkt 139 (Notice of Setting Trial by Jury).

[11] Dkts. 277 (Minute Entry); 296 at 18–33 (Transcript of October 9, 2019 Hearing).

2

prison visitation restrictions, and scheduling conflicts.[12] The Government did not oppose the motion.[13] On June 19, 2020, trial was reset for March 29, 2021.[14]

On October 21, 2020, a grand jury returned a Superseding Indictment naming two additional co-defendants, Justin Eaton and Felicia King.[15] The Superseding Indictment also added the following charges:

> Count 1: Racketeer Influenced and Corrupt Organizations Act ("RICO") conspiracy charge, in violation of 18 U.S.C. § 1962(d), against Fuhrer, Naughton, Baldwin, O'Dell, Craig King and Eaton for activity involving the violent "discipline" of Michael Staton, Jermiah Johnson, and Jeremy Smith;
> Count 6: Accessory After the Fact, in violation of 18 U.S.C. § 3, against Felicia King;
> Count 7: Kidnapping conspiracy charge, in violation of 18 U.S.C. § 1201(c), against Fuhrer and Naughton for the alleged kidnapping of Jeremy Smith;
> Count 8: Kidnapping charge, in violation of 18 U.S.C. § 1201(a)(1), against Fuhrer and Naughton for the alleged kidnapping of Jeremy Smith;
> Count 9: VICAR assault charge, in violation of 18 U.S.C. § 1959(a)(3), against Fuhrer and Naughton for the alleged assault of Jeremy Smith;
> Count 10: Kidnapping conspiracy charge, in violation of 18 U.S.C. § 1201(c), against Fuhrer, Naughton, and Eaton for the alleged kidnapping of Jermiah Johnson;
> Count 11: Kidnapping charge, in violation of 18 U.S.C. § 1201(a)(1), against Fuhrer, Naughton, and Eaton for the alleged kidnapping of Jermiah Johnson; and
> Count 12: VICAR assault charge, in violation of 18 U.S.C. § 1959(a)(3), against Fuhrer, Naughton, and Eaton for the alleged assault of Jermiah Johnson.[16]

---

[12] Dkt. 446 at 1–3 (Fuhrer's Motion to Continue Trial).

[13] *Id.* at 1, 4.

[14] Dkts. 509 (Text Order); 668 at 3 (Report & Recommendation of Magistrate Judge ("R&R")).

[15] Dkt. 558 (First Superseding Indictment).

[16] *Id.* at 1–2, 11–27.

Fuhrer moved to dismiss the Superseding Indictment,[17] and the Court denied his Motion.[18] The Court also denied Filthy Fuhrer, Craig King, Roy Naughton, and Justin Eaton's Motions to Sever counts and Co-defendants.[19]

   A. *Felicia King's Motion to Sever*

On March 1, 2021, Felicia King filed a Motion to Sever her case and hold a trial separate from her male Co-defendants.[20] She notes that the male Defendants are charged with numerous violent crimes against three victims, including racketeering conspiracy, assault, kidnapping and murder.[21] Felicia King points out that she is charged with none of the conspiracies or other crimes, only a single count—Count 6 of the Superseding Indictment—of being an accessory after the fact.[22] Felicia King also argues, and the Government does not dispute, that she is not a member or associate of the 1488s.[23] Her alleged involvement and culpability stems only from "her actions taken *after* the 1488s' criminal activities that . . . culminated in the death of Michael Staton," not from planning or carrying out the other criminal activities charged in the Superseding Indictment.[24]

---

[17] Dkts. 615 (Motion to Dismiss Superseding Indictment); 626 (Baldwin's Joinder of Dkt. 615); 629 (O'Dell's Joinder of Dkt. 615); 634 (Naughton's Joinder of Dkt. 615).

[18] Dkts. 668 (Final R&R); 672 (Text Order Adopting R&R).

[19] Dkts. 335 (Fuhrer Motion to Sever); 389 (Sealed Order Denying Dkt. 335); 617, 619 (Naughton Motions to Sever); 622 (Craig King Renewed Motion to Sever); 675 (Sealed Order Denying Dkts. 617, 619, 622); 679 (Eaton Motion to Sever); 737 (Sealed Order Denying Dkt. 679).

[20] Dkt. 703 at 1–2.

[21] *Id.* at 2.

[22] *Id.* at 2, 4–5.

[23] *Id.* at 5.

[24] *Id.* at 4–6.

Given that King alone is charged with the single count of Accessory After the Fact, she argues that a separate trial is necessary to avoid compromising her trial rights, to enable the jury to make a reliable judgement about her innocence or guilt, and to avoid the jury considering evidence against her that would otherwise not be admissible if she were tried alone.[25] She argues she will be further prejudiced by a joint trial that includes her husband, Craig King, as a Co-defendant.[26] King contends that at a joint trial, she "would be constantly battling, from the start of jury selection to the end of closing arguments, the perception of and presumption of joint activity and joint purpose that arises from her marriage to Mr. King."[27] Additionally, she argues that in a joint trial she "would be prevented from advancing a defense based on acts or other duress that Mr. King may have exerted against her in their martial relationship."[28] Accordingly, King requests that the Court order a separate trial for her on the charge in this case.

B. Government's Opposition

The Government opposes King's Motion.[29] The Government notes that the Superseding Indictment "charged Felicia King with Accessory After the Fact (Count 6) pertaining to Counts 2 through 4."[30] Specifically, the Superseding Indictment describes how King assisted Co-Defendants Baldwin, O'Dell, and Craig King (her husband) "in avoiding apprehension, trial, and punishment for their commission of the offenses . . . charged in Count 2 (VICAR Conspiracy),

---

[25] *Id.* at 3–4.

[26] *Id.* at 6.

[27] *Id.* at 7.

[28] *Id.*

[29] Dkt. 705.

[30] *Id.* at 2.

5

Count 3 (Kidnapping Conspiracy), and Count 4 (Kidnapping Resulting in Death)."[31] The Government argues that it will need to prove at trial that Baldwin, O'Dell, and Craig King committed the crimes charged in Counts 2–4 and that King knew her Co-defendants committed those crimes and assisted them with the specific purpose or design to hinder or prevent their apprehension, trial, or punishment.[32] The Government argues that King assisted her "[C]o-defendants by attempting to hinder or prevent their apprehension, trial, or punishment following their commission of enterprise-related crimes," and "her accessory count is part of the same common scheme or plan as those enterprise-related counts lodged against her [C]o-defendants."[33] Thus, the Government argues, King and the charge of Accessory After the Fact against her are properly joined under Rule 8(b).[34]

The Government further argues that Rule 14, prohibiting prejudicial joinder, does not require severance in this case.[35] The Government argues that King fails to support her claim that a joint trial with her husband, Craig King, will prevent her from advancing certain defenses or how trying her together with Co-defendants will otherwise result in manifest prejudice.[36] The Government notes that the evidence presented against King at a separate trial "would be largely the same as evidence that would be admissible at a joint trial against all . . . defendants" and that

---

[31] *Id.* (citing Dkt. 558 at 22).

[32] *Id.* at 4.

[33] *Id.* at 5 (citation and internal quotation marks omitted).

[34] *Id.* at 3–5.

[35] *Id.* at 5.

[36] *Id.* at 6–7.

6

properly limiting instructions to the jury will mitigate any prejudice.[37] Accordingly, Government argues, King has failed satisfy her heavy burden to justify severance under Rule 14.[38]

C. *Felicia King's Reply*

King largely reiterates her arguments including that she, unlike her Co-defendants, is not a member of the 1488s and was not "using violent crimes to enforce [the gang's] criminal purposes."[39] She notes that her male Co-defendants are charged with 11 counts, including racketeering conspiracy, assault, and murder, while she is charged only with being an accessory after the fact and with respect to one, not all of the three victims.[40] King also argues it is not her burden to show that a joint trial would be manifestly prejudicial, and, even if it were, she meets it.[41] King argues that the Government "tremendously overstates the cross-admissibility of the evidence" and that limiting instructions will be insufficient to mitigate the prejudice caused by a joint trial during which "an array of [otherwise] inadmissible evidence would be introduced[.]"[42]

### III. LEGAL STANDARD

Federal Rule of Criminal Procedure ("Rule") 8 permits joinder of offenses and defendants. Separate offenses may be joined on one charging document if the offenses "are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute

---

[37] *Id.* at 6.

[38] *Id.*

[39] Dkt. 707 at 1–2.

[40] *Id.* at 2–4.

[41] *Id.* at 3.

[42] *Id.* at 3–5.

7

parts of a common scheme or plan."[43] Multiple defendants may be charged together "if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses."[44] Joinder is the rule rather than the exception.[45] In conspiracy cases, defendants jointly charged are presumed to be jointly tried.[46]

Severance under Rule 14, which guards against prejudicial joinder, is appropriate "only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants[.]"[47] Joinder must be "so manifestly prejudicial that it outweigh[s] the dominant concern with judicial economy and compel[s] the exercise of the court's discretion to sever."[48] To show "clear," "manifest," or "undue" prejudice, a defendant must "show violation of one of [her] substantive rights by reason of the joint trial: unavailability of full cross-examination, lack of opportunity to present an individual defense, denial of Sixth Amendment confrontation rights, lack of separate counsel among defendants with conflicting interests, or failure properly to instruct the jury on the admissibility of evidence as to each defendant."[49] Even where the risk

---

[43] Fed. R. Crim. P. 8(a).

[44] Fed. R. Crim. P. 8(b); *see, e.g.*, *United States v. Roselli*, 432 F.2d 879, 899 (9th Cir. 1970) (Rule 8(b) is intended to maximize trial convenience and efficiency with minimum prejudice.).

[45] *United States v. Armstrong*, 621 F.2d 951, 954 (9th Cir. 1980).

[46] *United States v. Escalante*, 637 F.2d 1197, 1201 (9th Cir. 1980).

[47] *Zafiro v. United States*, 506 U.S. 534, 539 (1993).

[48] *United States v. Lopez*, 477 F.3d 1110, 1116 (9th Cir. 2007) (quoting *United States v. Brashier*, 548 F.2d 1315, 1323 (9th Cir. 1976)); *Armstrong*, 621 F.2d at 954.

[49] *Escalante*, 637 F.2d at 1201.

of prejudice seems high, such risk can often be cured by "less drastic measures, such as limiting instructions."[50]

## IV. ANALYSIS

Count 6 of the Superseding Indictment, in which King is charged with Accessory After the Fact, is properly joined under Rule 8. Additionally, a joint trial would not manifestly prejudice King's right to a fair trial. Accordingly, severance is not appropriate under Rule 14 and her Motion is **DENIED without prejudice**.

### A. Joinder is Proper Under Rule 8

Separate charges are properly joined under Rule 8 where the charges involve substantially overlapping evidence.[51] When determining whether charges are of the same or similar character, a court should "consider factors such as the elements of the statutory offenses, the temporal proximity of the acts, the likelihood and extent of evidentiary overlap, the physical location of the acts, the modus operandi of the crimes, and the identity of the victims[.]"[52] As for the same transaction or common scheme prong, joinder is generally permitted where counts "grow out of related transactions" or the "commission of one of the offenses either depended upon or necessarily led to the commission of the other; proof of the one act either constituted or depended upon proof of the other."[53]

The Superseding Indictment charges Defendants Fuhrer, Naughton, Baldwin, O'Dell, and Craig King with: VICAR Conspiracy for the kidnapping of Michael Staton (Count 2); Kidnapping

---

[50] *Zafiro*, 506 U.S. at 539.

[51] *United States v. Vasquez-Velasco*, 15 F.3d 833, 844 (9th Cir. 1994).

[52] *United States v. Jawara*, 474 F.3d 565, 578 (9th Cir. 2007).

[53] *Id.* at 574 (internal quotation marks and alterations omitted).

Conspiracy, also for the kidnapping of Michael Staton (Count 3); and Kidnapping Resulting in Death for the abduction and death of Michael Staton (Count 4).[54]

The Superseding Indictment alleges King "knowing that the offenses against the United States charged in Count 2, Count 3, and Count 4 had been committed, did receive, relieve, comfort, and assist" Baldwin, O'Dell, and Craig King "and others, known and unknown to the Grand Jury, in order to hinder and prevent their apprehension, trial, and punishment. . . . in violation of 18 U.S.C. § 3."[55] King is described as "the wife of Craig King"—himself an "associate of the 1488s" and a "member of the Hells Angels" who "trafficked in narcotics and supplied narcotics to several 1488s"—and the Superseding Indictment alleges that she was "aware of her husband's narcotics trafficking and his association with the 1488s."[56] The Superseding Indictment further alleges that one of the victims in this case, Michael Staton, lived with Felicia and Craig King for a time.[57] The Superseding Indictment alleges that after certain Defendants kidnapped, tied up and beat Staton, he was hauled outside in the plastic and carpet, where "Felicia King kicked him and yelled at him because he had stolen from them."[58] Additionally, the Superseding Indictment alleges that King gave fresh clothes to those who participated in Staton's beating, helped to burn their old clothes in a barrel, and cleaned up the vacant unit where the beating took place.[59]

---

[54] Dkt. 558 at ¶¶ 28–35.

[55] *Id.* at ¶¶ 40–41.

[56] *Id.* ¶¶ 20, 22 (capitalization normalized).

[57] *Id.* at ¶ 26(a).

[58] *Id.* at ¶¶ 26(u)–(z).

[59] *Id.* at ¶¶ 26(bb)–26(cc).

10

Here, all of the charges in this case are overlapping, logically interrelated, and require substantially the same evidence to prove the various offenses.[60] Accordingly, Count 6, charging King with Accessory After the Fact, is properly joined under Rule 8.

*B. Joinder of King is Not So Manifestly Prejudicial as to Warrant Severance Under Rule 14*

"In assessing whether joinder [is] prejudicial [under Rule 14], of foremost importance is whether the evidence as it relates to the individual defendants is easily compartmentalized. Central to this determination is the trial judge's diligence in instructing the jury on the purpose of the various types of evidence."[61] This Court previously recognized that "[s]everance is permitted where the charges brought against defendants or the weight of the evidence is wholly disparate or disproportionate."[62] The prejudicial effect of evidence in a joint trial can be "neutralized by careful instruction by the trial judge."[63] Finally, a joint trial is "particularly appropriate where the co-defendants are charged with conspiracy, because the concern for judicial efficiency is less likely to be outweighed by possible prejudice to the defendants when much of the evidence would be admissible against each of them in separate trials."[64]

Here, the underlying facts of Count 6 are largely subsumed in the facts underlying Counts 2–4[65]; the charges are properly joined, and judicial economy favors trying all Counts and

---

[60] *See United States v. Felix-Gutierrez*, 940 F.2d 1200, 1208–09 (9th Cir. 1991); *Vasquez-Velasco*, 15 F.3d at 844.

[61] *Vasquez-Velasco*, 15 F.3d at 845–46 (internal citations omitted).

[62] *See* Dkt. 389 at 20 (citing *Vasquez-Velasco*, 15 F.3d at 847).

[63] *Escalante*, 647 F.2d at 1201.

[64] *United States v. Fernandez*, 388 F.3d 1199, 1242 (9th Cir. 2004), *op. amended on reh'g*, 425 F.3d 1248 (9th Cir. 2005).

[65] *See* Dkt. 558 at ¶¶ 1–22, 28–34, 40.

11

Defendants together. Although King argues that her "alleged culpability is qualitatively and quantitatively different from that" of her Co-defendants,[66] there is no reason to believe a jury will be unable to compartmentalize the evidence as it relates to the separate Co-defendants.[67] Further, even given the disparity between these charges in this case, the Court concludes any risk of prejudice to King can be mitigated with appropriate limiting instructions.

Additionally, "[t]he mere joint trial of husband and wife does not require severance[.]"[68] King has also not asserted that any specific information or defense she seeks to introduce at trial would fall within the scope of the martial communications privilege.[69] Absent specifics, the Court cannot (1) determine whether the statements are of such exculpatory value that they should be admissible over a privilege objection, or (2) if the statements are admitted, whether they will implicate King such that she will be deprived of her right to a fair trial.[70] King may bring a new motion at a later time, in compliance with this Order, once King makes clear she intends to introduce such evidence.[71] Accordingly, King's Motion is **DENIED without prejudice**.

---

[66] Dkt. 703 at 6.

[67] *See Felix-Gutierrez*, 940 F.2d at 1210.

[68] *United States v. Figueroa-Paz*, 468 F.2d 1055, 1057 (9th Cir. 1972).

[69] *See United States v. Paulin*, No. 2:11–cr–0381–JCM–GWF, 2015 WL 139388, at *3–4 (D. Nev. Jan. 12, 2015): *United States v. Vo*, 413 F.3d 1010, 1016 (9th Cir. 2005) (The marital communications privilege provides that "'[c]ommunications between spouses privately made, are generally assumed to have been intended to be confidential, and hence they are privileged.'" (citation omitted)); *see also Vo*, 413 F.3d at 1017 (The marital communications privilege does not apply to statements made in furtherance of joint criminal activity.).

[70] *See Paulin*, No. 2:11–cr–0381–JCM–GWF, 2015 WL 139388, at *4.

[71] *See id.*

## V. CONCLUSION

For the foregoing reasons, Felicia King's Motion to Sever her trial from that of her Co-defendants at Docket 703 is **DENIED without prejudice.**

IT IS SO ORDERED.

Dated at Anchorage, Alaska, this 2nd day of August, 2021.

/s/ *Timothy M. Burgess*
TIMOTHY M. BURGESS
UNITED STATES DISTRICT JUDGE