JOHN E. KUHN, JR.
United States Attorney

WILLIAM A. TAYLOR
JAMES KLUGMAN
CHRISTOPHER D. SCHROEDER
Assistant United States Attorneys
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, AK 99513-7567
Phone: (907) 271-5071
Fax: (907) 271-1500
Email: william.taylor@usdoj.gov
Email: james.klugman@usdoj.gov
Email: christopher.schroeder@usdoj.gov

JEREMY I. FRANKER
Trial Attorney
Organized Crime and Gang Section
U.S. Department of Justice
Email: jeremy.franker@usdoj.gov

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>               Plaintiff,<br><br>    vs.<br><br>FILTHY FUHRER, a/k/a "Fuck Face"<br>f/k/a "Timothy Lobdell",<br>ROY NAUGHTON, a/k/a "Thumper",<br>GLEN BALDWIN, a/k/a "Glen Dog",<br>COLTER O'DELL, CRAIG KING, a/k/a<br>"Oakie", and FELICIA KING,<br><br>               Defendants. | No. 3:19-cr-00026-TMB-DMS |

**GOVERNMENT'S MOTION IN LIMINE TO PRECLUDE EXPERT JUDY CORDELL**

The United States moves to preclude expert Judy Cordell from testifying at trial due to failure to comply with Crim. R. 16(b)(1)(C).

On December 1, 2021, defendant Felicia King identified Judy Cordell as a proposed expert and provided the government with her CV. However, the December 1st notice failed to provide any information about the evidence that King intended to elicit from her. Nor did King "describe the witness's opinions[and] the bases and reasons for those opinions" as required by Crim. R. 16(b)(1)(C). The notice merely stated, "Ms. Cordell is qualified as an expert in evaluating domestic violence elements and dangerousness and coercive control to include lethal risk arising from domestic relationships, and the contribution that such dynamics would have toward the commission of crimes." But no information was provided outlining how that knowledge will be applied in this case, what the expert's opinion actually is, or how she arrived at whatever her conclusion might be. The United States has asked repeatedly asked for this information, and further noted the issue in its response to King's motion to sever. ECF No. 824 at n. 1. If the defendant provides the required information immediately, the government will withdraw this request. As it stands, however, there is no question that King has failed to comply with her discovery obligations. By doing so, King has waived and forfeited her opportunity to present this evidence, and the Court should enter an order precluding it. Fed. R. Crim. P. 16(d)(2)(C); <u>United States v. Ulbricht</u>, 858 F.3d 71, 115 (2d Cir. 2017) ("The district court did not abuse its discretion in precluding the defense from calling its proposed experts. Not only were the disclosures late, more importantly, they were plainly inadequate. Both disclosures merely listed general and, in some cases, extremely broad topics on which the experts might opine.")

2

Case 3:19-cr-00026-TMB   Document 915   Filed 02/07/22   Page 2 of 4

Respectfully submitted, February 7, 2022, at Anchorage, Alaska.

JOHN E. KUHN, JR.
United States Attorney


/s/ William A. Taylor
WILLIAM A. TAYLOR
Assistant United States Attorney
United States of America

/s/James Klugman
JAMES KLUGMAN
Assistant United States Attorney
United States of America

/s/Christopher D. Schroeder
CHRISTOPHER D. SCHROEDER
Assistant United States Attorney
United States of America

/s/ Jeremy Franker
JEREMY FRANKER
Trial Attorney, Department of Justice
United States of America

**CERTIFICATE OF SERVICE**

I hereby certify that on February 7, 2022,
A copy of the foregoing was served via the
CM/ECF system on:

Wayne Fricke
Brent Hart
Peter Mazzone
Cassandra Stamm
Bradly Carlson
Cynthia Franklin
Michael Moberly

s/ William A. Taylor
Office of the U.S. Attorney