IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>FELICIA KING,<br><br>Defendant. | Case No. 3:19-cr-00026-TMB-SAO-08<br><br>**FINAL REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE UPON A PLEA OF GUILTY** |

Upon Defendant's request to enter a guilty plea pursuant to Rule 11 of the Federal Rules of Criminal Procedure to the First Superseding Felony Information (dkt. 1216), Misprision of a Felony, in violation of 18 U.S.C. § 4, this matter was referred to the Magistrate Judge by the District Judge.

On July 13, 2022, the Defendant, her counsel, and counsel for the United States, in full compliance with Rule 11 and the Federal Rules of Criminal Procedure, came before the undersigned United States Magistrate Judge, in open court and on the record and held a hearing on Defendant's guilty plea.

In consideration of that hearing and the allocution made by the Defendant under oath on the record and in the presence of counsel, and the remarks of the Assistant United States Attorney,

**A. I make the following FINDINGS – that the Defendant understands:**

1. That any false statements made by the Defendant under oath may later be used against her in a prosecution for perjury;
2. The right to proceed by indictment, waiver of that right, and consent to prosecution by information;
3. The right to persist in a plea of "not-guilty";
4. The right to a speedy and public trial;

5. The right to trial by jury;
6. The nature of the charge to which she is pleading guilty;
7. The right to be represented by counsel – and if necessary to have the court appoint counsel– at trial and at every other stage of the proceeding;
8. The right to confront and cross-examine adverse witnesses, to be protected from compelled self-incrimination, to testify and present evidence, and to compel the attendance of witnesses;
9. The Defendant's waiver of trial rights if the Court accepts a guilty plea or nolo contendere;
10. The maximum possible penalty, including imprisonment, fine, and the effect of the supervised release term,
11. Any applicable mandatory minimum penalty;
12. The Court's authority to order restitution;
13. The Court's obligation to impose a special assessment;
14. Any applicable forfeiture;
15. In determining a sentence, the court's obligation to calculate the applicable sentencing guideline range and to consider that range, possible departures under the Sentencing Guidelines, and other sentencing factors under 18 U.S.C. §3553(a).
16. Any provision in the plea agreement whereby defendant waives the right to appeal or to collaterally attack the conviction and sentence; and

**B. I further FIND that:**
1. The Defendant is competent to enter a plea;
2. That the Defendant knowingly, intelligently, and voluntarily waived her right to indictment;
3. That the plea of guilty by the Defendant has been knowingly and voluntarily made and is not the result of force, threats, or coercion;

4. Any agreements or promises which induced the plea of guilty are set forth in the written plea agreement; and

5. That there is a sufficient factual basis for the Defendant's plea.

**C. I therefore RECOMMEND** that the District Judge accept the Defendant's plea of guilty to Count One of the First Superseding Information at dkt. 1216, Misprision of a Felony, a violation of 18 U.S.C. § 4.

**D. I further RECOMMEND** the District Court vacate the Final Pretrial Conference and Trial by Jury dates.

**IT IS FURTHER ORDERED:**

**E. A Presentence Report be prepared.**

1. Any objection(s) to the presentence report shall be filed no later than fourteen (14) days after receiving the presentence report pursuant to Fed. R. Crim. P. 32(f)(1);

2. Any sentencing memorandum shall be filed no later than seven (7) business days prior to sentencing pursuant to D.AK. LCrR 32.1(d);

The Sentencing hearing will be held before United States District Judge Timothy M. Burgess. The Court excludes time from July 13, 2022 until the time of sentencing pursuant to 18 U.S.C. §3161(h)(1)(G) on the ground that the District Judge will be considering the proposed plea agreement.

DATED this 18th day of July, 2022, at Fairbanks, Alaska.

*s/ Scott A. Oravec*
SCOTT A. ORAVEC
United States Magistrate Judge

This Report and Recommendation is being issued as a Final Report and Recommendation. Pursuant to Fed. R. Crim P. 59(b)(3), any objections will be considered by the District Court Judge who will accept, reject, or modify the recommendation following de novo review. Any objections must be filed within **five (5) days** from the date of service of this Report and Recommendation. Fed. R. Crim. P.59(b)(2) and D.Ak.L.M.R. 6(a) authorizes the Court to alter the standard objection deadlines.

Reports and Recommendations are not appealable orders. Any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment. *See Hilliard v. Kincheloe*, 796 F.2d 308 (9th Cir. 1986).